EMANUEL KLINE, PLAINTIFF-RESPONDENT, v. CAMDEN FORGE COMPANY, DEFENDANT-APPELLANT.

Submitted October 12, 1928—Decided March 28, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff, *Charles W. Letzgus.*

For the defendant, *Howard L. Miller.*

PER CURIAM.

The plaintiff recovered a judgment of $2,500 for personal injury and injury to his automobile, due to collision with a truck of the defendant company, driven by an employe named Elliott. It is urged for the rule that the verdict was against the weight of evidence and that the damages are excessive.

The plaintiff was driving north on Woodbury Pike toward Camden across the junction of the pike with the east and west road, where there was a traffic light. Just north of the crossing and between it and a bridge and on the west side of the pike was a gasoline station where the plaintiff turned in to get gas and oil. When he came out again with the object of crossing to the easterly side of the Woodbury Pike, and of turning again toward Camden, his car was run into by the defendant's truck which was going south. There is the usual contradiction in the evidence with respect to the precise conditions at that time. The plaintiff claimed that the nearest southbound cars were one hundred and fifty feet away and that he had ample time to make the crossing in

front of them, and that after he had crossed he saw defendant's car coming from the bridge at high speed in a sort of zigzag course, and although he drew over to the extreme easterly side of the road he was unable to avoid it. In this he was corroborated to some extent by the gasoline man. On the other hand Elliott testified that he was proceeding at moderate speed and that the plaintiff suddenly shot out in front of him around another car which was on his right. Both Elliott and another witness named Johanson were somewhat shaken on cross-examination, but we need not go into the details. We consider that the verdict of the jury was justified by the evidence.

Nor do we consider that the verdict was so excessive as to require our interference. The plaintiff was badly shaken up and had a number of doctor bills to pay; his car was practically destroyed. There is a claim that a previous physical condition from which he had suffered and which was practically cured had been revived, and much of the dispute in the testimony relates to this point. On the whole, we do not consider that the verdict was so excessive as to require us to set it aside or indicate the acceptance of a reduced amount.